AO 106 (Rev. 06/09)  Application for a Search Warrant



# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

FILED
AUG 0 1 2019
David J. Bradley, Clerk of Court

| In the Matter of the Search of | )  |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| 1) Apple I-phone, Model: NDU97J/A; S/N: DQGNP35BF8GH, belonging to Otoniel MONGE-Alvarez | ) |

Case No.   H19-1425M

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

1) Apple I-phone, Model: NDU97J/A; S/N: DQGNP35BF8GH, belonging to Otoniel MONGE-Alvarez

located in the _____Southern_____ District of _____Texas_____ , there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | conspiracy to possess with intent to distribute a controlled substance |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by: _____

Reviewed by:

_____
*Applicant's signature*

Tobie Bogue, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   8-1-19

_____
*Judge's signature*

City and state:  Houston, Texas

Nancy K. Johnson, U.S. Magistrate Judge
*Printed name and title*

Case No. _____

In the matter of an application for a warrant to
search an **Apple** I-phone, Model: NDU97J/A;
S/N: DQGNP35BF8GH, and **Apple** I-phone,
Model: MN9U2LL/A; S/N:
C76SM3SMHG7F, belonging to Otoniel
Monge-Alvarez

### AFFIDAVIT IN SUPPORT OF
### APPLICATION FOR SEARCH WARRANT

I, Tobie Bogue, a Detective with the LaPorte Police Department and assigned as a Task Force

Officer (TFO) with the United States Drug Enforcement Administration ("DEA"), having been duly

sworn, depose and state:

### Introduction and Agent Background

1.      I am a Detective with the LaPorte Police Department and assigned as a Task Force

Officer with the United States Drug Enforcement Administration ("DEA"), Houston Field Division

in Houston, Texas, and have been so assigned there for more than seven (7) years. I have been

employed by the LaPorte Police Department for more than seventeen (17) years.

2.      I am familiar with the ways in which drug traffickers conduct their business,

including, but not limited to, their methods of transporting and distributing narcotics; their use of

traditional cellular telephones, direct connect cellular telephones, digital display paging devices,

and their use of numerical codes and code words to conduct transactions.  I am also familiar with

the ways in which drug traffickers and people associated with drug traffickers use cellular

telephones and the various functions and applications of cellular telephones such as sending,

receiving and storing emails; sending, receiving, and storing text messages, which is commonly

1

referred to as short message system (SMS), to communicate with each other concerning their criminal activity and events surrounding their criminal activity. I also know that drug traffickers use their cellular telephones to store information and data such as names, addresses, and telephone numbers of co-conspirators; calendar information including dates, entries, and notations of events and circumstances concerning their criminal activity; and audio and video files of events associated with their criminal activity.

3.      I know based on my training and experience, that narcotics and money laundering organizations routinely utilize several operational techniques. These practices are designed and implemented to achieve two paramount goals: First, the successful facilitation of the organization's illegal activities which consist of the distribution of controlled substances and the subsequent repatriation of the proceeds of that illegal activity; and secondly, minimizing the exposure of organizational members, particularly those operating in management roles, from investigation and prosecution by law enforcement.

4.      As a result of my training and experience, I am familiar with how various drugs are used and the typical distribution and trafficking methods used by drug dealers and traffickers. In addition, I am also familiar with the typical methods used by traffickers to meet in different locations in order to exchange bulk US Currency for illicit substances. Based on my experience, I know that drug dealers frequently use cellular telephones and the functions and applications of cellular telephones to contact each other and/or their co-conspirators to arrange for the delivery of bulk amounts of illicit substances to be later re-distributed.

5.      The information in this Affidavit is based upon my own personal knowledge, as well as information received from the witnesses and other law enforcement sources. Because

2

this Affidavit is made for the limited purpose of establishing probable cause to search the cellular phone described in Attachment A, I have not recited each and every fact known to me as a result of the investigation described below.

## Place to be Searched

6.      Based on my experience, training, statements made by other law enforcement agents/officers pertaining to this investigation and the following observations and facts, I believe that at this time, in the following telecommunications devices/cellular devices (again, more particularly described in Attachment A):

      a.    **Apple** I-phone, Model: NDU97J/A;  S/N: DQGNP35BF8GH; International Mobile Equipment Identity (IMEI): 990003194436438 (hereafter **device 1**)

      b.    **Apple** I-phone, Model: MN9U2LL/A; S/N: C76SM3SMHG7F with a white case (hereafter **device 2**)

there is being concealed property which constitutes evidence of possible violations of Title 21, United States Code, Sections 846, 841 (a)(1) and (b)(1)(A)(vii), Conspiracy to Possess with the intent to distribute a controlled substance, to wit: approximately five (5) kilograms of crystal methamphetamine, a Schedule II controlled substance.

## Facts Supporting Probable Cause

7. In July of 2019, Task Force Officer (TFO) Moises Zamora began an investigation into two unknown males (UM1 and UM2) believed to be Sources of Supply (SOS) based out of Mexico.  TFO Zamora began cellular phone conversations with UM1 and UM2, both of whom were looking for customers in the Houston, Texas area to purchase kilogram amounts of crystal methamphetamine.  TFO Zamora continued conversations with both UM's through July 2019 when one of the UM's agreed to arrange the delivery of five (5) kilograms of crystal methamphetamine to TFO Zamora in Houston, Texas for the price of $5,000.00 per kilogram.

3

TFO Zamora was informed by one of the UM's that someone in Houston would contact TFO

Zamora for the purpose of delivering the five (5) kilograms of crystal methamphetamine.

8. On July 25, 2019, TFO Zamora was placed into cellular phone contact with a person

who was later identified as being Otoniel MONGE-Alvarez (512-716-9583). MONGE-Alvarez

informed TFO Zamora that he was calling on behalf of one of the UM's and that he was the

person that was going to deliver the five (5) kilograms of narcotics to TFO Zamora.

9. MONGE-Alvarez informed TFO Zamora that he was going to be at work until 7

o'clock in the evening and that he would meet at approximately 7:45 p.m. to complete the

narcotic transaction. Through the conversations, MONGE-Alvarez agreed to meet with TFO

Zamora at 13340 Tomball Parkway, Houston, Harris County, Texas. At approximately 8:00

p.m., MONGE-Alvarez called TFO Zamora to advise that he was arriving at the agreed location

and driving a white Toyota Tacoma.

10. Upon locating MONGE-Alvarez's vehicle and upon TFO Zamora being told by

MONGE-Alvarez that he had the narcotics, TFO Zamora directed Agents/Officers to stop and

arrest MONGE-Alvarez in the parking lot. A search of MONGE-Alvarez's vehicle resulted in

the discovery of a plastic water container positioned on top of the back passenger side seat.

Inside the water container Agents/Officers located five (5) clear plastic baggies with each

containing an amount of suspected crystal methamphetamine for a total approximate weight of

five (5) kilograms. One of the bags had a sample field tested which tested positive for the

presence of methamphetamine. Agents also found a loaded .25 caliber pistol with two extra

loaded magazines in the center console of the vehicle.

11. At the time of arrest, MONGE-Alvarez, who was the sole occupant of the Toyota

4

Tacoma, was found to have two cellular phones in his possession. Agents found an Apple I-phone (**device 1**) and an Apple I-phone with a white case (**device 2**), both located inside the vehicle where MONGE-Alvarez was sitting in the vehicle. MONGE-Alvarez admitted ownership of both phones. Post arrest, TFO Zamora called the phone number that had been used to speak with MONGE-Alvarez. It was at this time that Agents observed that **device 2** started to ring.

12. Otoniel MONGE-Alvarez has been arrested federally via Criminal Complaint (H19-1379M) for Conspiracy to Possess with the intent to distribute a controlled substance, to wit: approximately five (5) kilograms of crystal methamphetamine, a Schedule II controlled substance in the Southern District of Texas. Since the time of arrest, the cellular devices at issue have been in the custody and care of the Drug Enforcement Administration (DEA) in the Southern District of Texas, and have been maintained according to DEA policies with respect to chain of custody for evidence.

14. Since I know that people involved in the distribution and sale of narcotics, and laundering of the proceeds, commonly use cellular devices/telephones as a means to communicate with one another and the cellular telephone users will often store names and numbers in their phone's directory and speed dialing functions, I believe that probable cause exists to suspect that such evidence will be secured from the devices at issue. I also believe that this evidence may be located in the devices' text messaging features; the sent and received messages stored in the devices' memories and in the electronic "memory" of each device that records and stores information regarding the most recent calls to and from the phones. The sent and received messages stored on the phone may also include those from applications to include

5

but not limited to:  Facebook Messenger, Snap Chat, What's App, etc.

    15.    In this matter, I believe that the defendant was using cellular devices to communicate with others and to make arrangements for the delivery and transportation of illicit narcotics, that there is probable cause to believe the cellular device(s) described in Attachment A contain evidence of narcotics trafficking.

 

Tobie Bogue
Task Force Officer
Drug Enforcement Administration


    SUBSCRIBED AND SWORN TO BEFORE ME this the ___1st___ day of ___Aug___,

2019, and I hereby find probable cause individually (as evidence by my check mark) for:

 

Nancy K. Johnson
United States Magistrate Judge
Southern District of Texas

6

## ATTACHMENT A

### Place to Be Searched

The cellular phones to be searched are an **Apple** I-phone Model: NDU97J/A; S/N:

DQGNP35BF8GH; IMEI: 990003194436438, and an **Apple** I-phone Model: MN9U2LL/A; S/N:

C76SM3SMHG7F, belonging to Otoniel MONGE-Alvarez.

The **Apple** I-phone Model: NDU97J/A; S/N: DQGNP35BF8GH; IMEI:

990003194436438, and an **Apple** I-phone Model: MN9U2LL/A; S/N: C76SM3SMHG7F, were

seized and secured on July 25, 2019 by law enforcement authorities and is currently in the

possession of the Drug Enforcement Administration in Houston, the Southern District of Texas.

## ATTACHMENT B

The following items to be seized in whatever form (including electronic), found at the Place to be Searched described in Attachment A, including any digital devices, for evidence, fruits or instrumentalities of violations of Title 21, United States Code, Sections 846, 841 (a)(1) and (b)(1)(A)(ii), Conspiracy to Possess with the intent to distribute a controlled substance and Possession with the intent to distribute a controlled substance related to offenses occurring from July, 2019, as further described in the search warrant affidavit.  These records and materials are more specifically described below.

a.      Contact names and numbers;

b.      Historical call logs;

c.      Photographs/videos;

d.      Internet browsing history;

e.       Any stored Global Positioning System (GPS) data

f.       Text or multimedia messages (SMS and MMS);

g.      Any emails, instant messaging, or other forms of communication of which said devices are   capable;

h.      Voicemail messages on said device

i.      Recordings on said device

j.      Any social media posts or messaging, and any images associated thereto, including but not limited to that on Facebook, Twitter, and Instagram

k.      Tracking data and way points

l.      Evidence of who used, owned, or controlled the digital device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents,

8

browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

e.    passwords, encryption keys, and other access devices that may be necessary to access the digital device;

f.    records of or information about Internet Protocol addresses used by the digital device;

g.    records of or information about the digital device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

h.    Computer files or fragments of files

i.    SD Cards or flash drives attached or embedded in the above described devices that can be used to store electronic data, metadata, and temporary files